HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BREMERTON, MATTHEW THURING, JOHN VANSANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, AND DOES 1-10,<br><br>Defendants. | Case No. C05-5320RBL<br><br>ORDER GRANTING PLAINTIFFS' MOTION TO STAY |

This matter is before the Court on the Plaintiff's Motion to stay this civil action pending the completion of a related criminal case in which Kenneth Lassiter (a plaintiff here) is a defendant.

Lassiter seeks a stay to preserve his ability to invoke his Fifth Amendment right against self incrimination. Defendants oppose such a stay, arguing primarily that the delay is prejudicial to them, as they want the plaintiff's accusations against them to be resolved without delay. They argue that there is a "stigma" associated with the allegations leveled against them, and that it is not in the public's interest to allow these allegations to linger any longer than necessary. They also point out, correctly, that the Plaintiff may invoke his Fifth Amendment right in the civil case, but that they are permitted to use that fact against him in the civil context.

The court has reviewed the only case directly on point, *Wehling v. Columbia Broadcasting Sys.*, 608

ORDER
Page - 1

F.2d 1084 (5th Cir. 1979) and while it arises in a slightly different context, the reasoning there is applicable here: "a party should not have to surrender one constitutional right in order to assert another." *Id.* at 1088.

Additionally, the defendants' claim of prejudice from delay, while certainly real, is not particularly persuasive. As the Plaintiff points out, the limitations period on his claims has not yet run. He could dismiss his claim and re-assert it in the future, and the stigma and delay problems of which the defendants complain would arise again.

For these reasons, and under the authority of *Keating v. Office of Thrift Supervision*, 45 F.3d 322 (9th Cir. 1995), the court will STAY this case pending resolution of the underlying criminal matter. If any party believes that some limited discovery (that which would not implicate Plaintiff's Fifth Amendment Privilege) is necessary in the meantime to avoid the loss of evidence or memory, they are invited to seek a relief from this stay in the form of a short motion. Otherwise, the court will await information that the criminal matter is concluded and will at that time lift the stay.

DATED this 26th day of August, 2005

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE