HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,<br><br>　　　　　Plaintiffs,<br><br>　v.<br>CITY OF BREMERTON, MATTHEW THURING, JOHN VANSANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al.,<br><br>　　　　　Defendants. | Case No. C05-5320RBL<br><br>ORDER ON DALTON DISCOVERY |

　　This matter is before the court as the result of the Defendant Kitsap County's subpoena duces tecum to a non-party witness, Jeanette Dalton. Dalton is an attorney, and she represented Plaintiff Alpha Doris Lassiter in the underlying Municipal Court prosecution against her.

　　The Defendants' subpoena requested Dalton to produce documents and other evidence used in her representation of Mrs. Lassiter in state court. Dalton Objected to the Subpoena [Dkt. #96], citing the attorney/client and work product privileges, and claiming that any information which was not protected was more readily available from other sources, including the Defendant City of Bremerton. The Defendants have moved to Strike the Objection [Dkt. #100] and the Plaintiffs moved to Quash the Subpoena [Dkt. # 102]. Defendants also seek to strike portions of the Plaintiffs' Opposition to the Motion to Strike [Dkt. #129].

　　The facts of the underlying case are well known to the parties. Generally, a neighbor called 911 after

ORDER
Page - 1

hearing a dispute between Mr. and Mr. Lassiter in their home. The police arrived and entered the home. They eventually arrested Mr. Lassiter and he was charged with obstruction of justice. He had, without the officers' knowledge, tape recorded the portion of the incident in which the officers were in his home. Mrs. Lassiter testified that she spent hours transcribing the tape, by playing, stopping, and rewinding the tape "hundreds of times." In doing so, she apparently altered (or erased) some portion of the tape. Because the tape contradicted the officers' account of the arrest, the obstruction of justice charge was dismissed. The Lassiters filed this action, seeking among other things 42 U.S.C. §1983 damages for violation of their rights under the Fourth, Fifth, and Fourteenth Amendments and associated state law claims. Shortly thereafter, additional criminal charges were filed against Mr. and Mrs. Lassiter. Those charges were dismissed.

At issue here is Kitsap County's effort to obtain from Mrs. Lassiter's attorney information about the tape and the transcript created by Mrs. Lassiter. Plaintiffs claim that the information sought is privileged, and that the privilege has not been waived. They claim specifically that the "transcript" sought by the defendants from Dalton is nothing of the sort; instead, they claim it is merely a "subjective narrative of the events" created by Mrs. Lassiter for her attorney. Defendants contend that this is a new, inconsistent position. They seek to strike from the Plaintiffs' opposition those references in which it is claimed that the transcript of the events at the heart of this case was only "a narrative" created for counsel, as that claim is diametrically opposed to claims Mrs. Lassiter has previously made about when, how and why she transcribed the surreptitious recording made by her husband.

**1.      The "Transcript."**

As an initial matter, the court will not strike allegations and argument from the record based on the contention (or even the proof) that it is contrary to a prior position. There is no purpose in doing so; the parties may make of any alleged discrepancies what they will.

Secondly, it is clear that Mrs. Lassiter's current position (or rather that of her counsel; no evidence supports the claim that the "narrative" was subjective or was prepared for counsel) is flatly inconsistent with her prior position that she sought to make an accurate transcription of the tape. [*See* Dkt. #130 at Ex. A, page 2]. The parties agree that the tape was either mistakenly or intentionally altered. The transcript obviously is not a communication to counsel – it is instead, in Mrs. Lassiter's words, her best effort to accurately transcribe the tape her husband made of his arrest. Nor are any versions of the transcript work product – there is no


evidence that the transcript was prepared in anticipation of litigation or for any particular attorney.

Finally, even if the transcript could be characterized as work product, the admitted "anomaly" renders the early versions of the transcript the only possible source for determining what the tape showed before it was altered. The Transcript(s) would therefore be discoverable despite the privilege, based on substantial need.

For these reasons, all versions of the transcript prepared by Mrs. Lassiter are discoverable – whether they are in her possession, or in the possession of her former or current attorney. The Court will not strike the portion of the subject subpoena duces tecum which seeks this information, and Ms. Dalton will provide all versions in her possession in response to the subpoena duces tecum.

**2.      Waiver of the attorney client privilege.**

The court agrees that the subject subpoena is broad enough to encompass communications and other documents protected by the attorney/client and or work product privileges. Defendants argue that the attorney/client privilege was waived when the Lassiters named Ms. Dalton as a potential witness in the case. Plaintiffs assert that they did so so that she could testify about her conversations with prosecutors, not to "place at issue" the conversations and communications she shared with her client.

Under these circumstances, and assuming that such conversations are not subsequently "placed at issue," the attorney client privilege has not been waived. Nor is it waived by Dalton's failure to provide a privilege log – as the Plaintiffs correctly point out, the privilege is not Dalton's to waive, either affirmatively or by omission. The court will not at this time order Dalton to produce a privilege log of the other communications and documents in her possession related to her representation of Mrs. Lassiter – it is clear that the bulk of those are privileged and that that privilege has not been waived.

Under Fed. R. Civ. P. 45(c)(3)(A)(iii), the court will MODIFY Kitsap County's subpoena duces tecum to Ms. Dalton so that it seeks and obtains only "all versions of Mrs. (or Mr.) Lassiter's transcription of the audio tape made by Mr. Lassiter."

//

/

1  Ms. Dalton's Objections [Dkt. #96] to the subpoena are DENIED to this extent; the remainder of her
2 objections are upheld.  Similarly, the Motion to Strike the Objections [Dkt. #100] is DENIED (except as herein
3 explained) and the Motion to Quash [Dkt. #102] is GRANTED, with the exception of the transcripts, as noted
4 above.

DATED this 13th day of July, 2006

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE