HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BREMERTON, MATTHEW THURING, JOHN VANSANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al.,<br><br>Defendants. | Case No. C05-5320RBL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ON COLLATERAL ESTOPPEL |

This matter is before the court on Plaintiffs' Motion for Summary Judgment [Dkt. #93]. Plaintiff seeks a ruling that the dismissal of the criminal charges against him pursuant to *State v. Knapstad*, 107 Wn.2d 346 (1986), is entitled to collateral estoppel effect here, and that it precludes the Defendants from claiming they had probable cause to file the second criminal information against him. In other words, because the charges contained in that second information were dismissed on a *Knapstad* motion, Plaintiff seeks a ruling that the County and its prosecutors did not have probable cause[1] to file the charges, as a matter of law.

Defendants predictably disagree, arguing that a successful *Knapstad* motion is instead a finding that no reasonable trier of fact may find beyond a reasonable doubt that the offense was committed. They contend that *Knapstad* does not address whether the far lesser threshold – probable cause to bring the charge in the first

---

[1] Plaintiffs presumably seek this finding in support of their malicious prosecution claim.

ORDER
Page - 1

place – is met. They argue that a successful *Knapstad* motion is not entitled to preclusive effect as to the lack of probable cause, and seek denial of Plaintiff's Motion.

### 1. Factual Background

The facts of the underlying case are, for purposes of this motion, largely undisputed. The Lassiters' neighbor called 911 after hearing a dispute between Mr. and Mr. Lassiter in their home. The police arrived and entered the home. They eventually arrested Mr. Lassiter and he was charged with obstruction. He had, without the officers' knowledge, tape recorded the portion of the incident in which the officers were in his home.

At least in part because the tape contradicted the officers' account of the arrest, the obstruction of justice charge was dismissed. The Lassiters filed this action, seeking among other things 42 U.S.C. §1983 damages for violation of their rights under the Fourth, Fifth, and Fourteenth Amendments, and associated state law claims. Shortly thereafter, additional criminal charges were filed against Mr. Lassiter. They were supported by a certificate of probable cause filed by Defendant deputy prosecutor Mitchell. The charges were (1) obtaining a signature through duress; (2) tampering with evidence, and (3) obstruction of a law enforcement officer. The tampering related to the much discussed transcription and subsequent alteration of the tape.

Lassiter moved the superior court for dismissal of each charge. He sought dismissal of the obstruction charge based on *res judicata*, as it was identical to the previously dismissed information. He argued that the remaining claims should be dismissed because the prosecutor[2] had engaged in misconduct, that he had been denied due process, and that there were deficiencies in the information. He also argued there was no probable cause, and attacked the evidence supporting the charges. Specifically, he argued: "the State has presented insufficient evidence in support of its claim and 'no rational trier of fact could have found beyond a reasonable doubt the essential elements of the crime.'" [*See* Dkt. #94-1, Smith Decl. Ex. 5, at page 51; *citing Knapstad*, 107 Wn.2d at 349.] The prosecutors there (and defendants here) opposed the motion.

The Superior Court granted the Motion. The Judge first entered a memorandum opinion specifically stating that the Motion was granted pursuant to *Knapstad* and that for that reason he was not ruling on the other arguments contained in defendant's motion. [Dkt. #94-1 at Ex. 7, page 75.] He subsequently

---

[2]Lassiter separately sought to disqualify the prosecutors.

ORDER
Page - 2

incorporated that opinion into an Order stating: "defendant's motion to dismiss is GRANTED pursuant to *State v. Knapstad* and the information is DISMISSED WITHOUT PREJUDICE." [Dkt. 94-1 at Ex. 7, page 70.]

### 2. **Collateral estoppel**

Plaintiffs seek to extrapolate the Superior Court Order into an adjudication of the lack of probable cause to file the information and to use that final adjudication offensively on the issue of probable cause in this case. One of the requirements for any sort of collateral estoppel (defensive, or the rarer offensive use) is that the issue decided in the prior adjudication must be identical to the one presented in the current situation. *See Clark v. Baines*, 150 Wn.2d 905, 913 (2004).

Plaintiffs claim that the issue determined by the superior Court is identical to that at issue here: they claim the superior court determined that there was no probable cause for filing the second criminal information against Mr. Lassiter. However, it is clear from the Plaintiffs' Motion in that court that they viewed the issue of "lack of probable cause" as separate from the issue of "insufficient evidence," as those were asserted as separate bases for their motion to dismiss. It is also clear that the superior court ruled only on the latter, and not the former, as it specifically said so.

Plaintiffs now argue that "in order to prevail on his *Knapstad* Motion, [Lassiter] had to persuade the superior court that the prosecution lacked probable cause to believe he was guilty." Since the Motion was granted, Plaintiffs argue that it implicitly and necessarily made such a finding.

The root of this argument is *In re Peterson*, 145 Wn.2d 789, 797(2002), which held that "probable cause exists if the proposition has been prima facie shown." Plaintiffs contend that the reverse is also true, that if there is no prima facie case, there can be no probable cause. Neither *In re Peterson* nor *Knapstad*, nor any other Washington case, supports this conclusion.

Instead, it is established that probable cause does not require even a prima facie showing of guilt. *See State v. Peterson*, 83 Wn.2d 49 (1973). *Knapstad* does not address probable cause, and the dismissal of a charge on a *Knapstad* Motion does not establish in that case or any other that the prosecution lacked probable cause in filing the charge. *Knapstad* (as the Plaintiffs persuasively and correctly argued to the superior court) requires dismissal "where no reasonable trier of fact could find the elements of the crime beyond a reasonable doubt." As the defendants correctly point out, this references the highest standard of proof in American

jurisprudence. In stark contrast is the lowest, probable cause.

The issue decided in the prior case – whether a reasonable jury could find Mr. Lassiter guilty beyond a reasonable doubt – is not at all identical to the issue here. Our issue is whether the prosecutors had probable cause to file the information. Therefore, the prior "adjudication" is not entitled to preclusive effect. The remaining issues raised in the plaintiffs' Motion and the defendants' response need not be, and are not, addressed. The Plaintiffs' Motion for summary Judgment [Dkt. #93] is DENIED.

DATED this 17th day of July, 2006

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE