HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BREMERTON, MATTHEW THURING, JOHN VANSANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al.,<br><br>Defendants. | Case No. C05-5320RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON INJUNCTIVE RELIEF |

This matter is before the court on Defendant Kitsap County's Motion for Summary Judgment [Dkt. #91]. Kitsap County seeks the dismissal of Plaintiffs' claims for declaratory and injunctive relief. Defendants Thuring and Vansantford join in the motion [Dkt. #98], as do the City of Bremerton [Dkt. #99] and Defendants Bradley, Casad and Mitchell [Dkt. #105].

Defendants argue that Plaintiffs do not have standing to assert their claims for declaratory or injunctive relief, which seek among other things to preclude police officers from entering homes without authority, to require the City to not violate the Constitution, to investigate future claims, and the like. The gist of this argument is that the Plaintiffs have not and cannot demonstrate that they have the required "personal stake" in the outcome. They also argue that Plaintiffs' fear that they will be subject to "warrantless home invasions" and other "unconstitutional" contact with the Defendants in the future is purely speculative.

Plaintiffs argue that the sufficiency of their claims for injunctive and declaratory relief should be measured under the Rule 12(b)(6) standard, and that the Motion for Summary Judgment is improper. They argue that their complaint should survive unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."

They also argue that Kitsap County has not met what they claim is its initial burden of production on a summary judgment motion; that is, they argue that it is not enough for Kitsap County to "point out to the court that the plaintiff does not have sufficient evidence to establish an essential element of its claim or to carry its ultimate burden of persuasion at trial." Plaintiffs emphasize that only limited discovery has taken place and that Defendant's Motion relies only on the allegations of their complaint and on argument. Plaintiffs do not seek time for additional discovery under Rule 56(f). [Dkt. #118 at p. 10].

Substantively, Plaintiffs argue in opposition that they do in fact have standing to seek an injunction precluding the Defendants from acting in an unconstitutional manner in the future. This argument is based in part on their description of a prior litigation between themselves and the City, which was favorably settled. They also argue that the police have made unannounced visits to their home (they found a "calling card" from an officer on one occasion), and engaged in a "pattern" of unconstitutional behavior which has a likelihood of repetition in the future if it is not enjoined. They also allege a "conspiracy" among the Bremerton police and the Kitsap County prosecutors' office and the Kitsap County Prosecutor's office; one whose goal is apparently to deprive him of these same rights, and argue that the conduct is part of the county's "official policy."

In Reply, the Defendants argue that Plaintiffs have not and cannot establish – as they must – that they face a risk of irreparable harm, that the acts complained of are likely to be repeated, or that they are the result of an official policy.

**1.      Summary Judgment Standard**.

Plaintiffs have cited, and the court is aware of, no authority holding that a defendant challenging the plaintiff's standing to assert claims against it is required to seek dismissal under Fed. R. Civ. P. 12(b) rather than seek summary judgment under Rule 56. Additionally, as Kitsap County points out, a Rule 12(b) motion supported or opposed by affidavits is automatically "converted" to a summary judgment motion. See Fed. R. Civ. P. 12(b). While the Defendants' Motion was not based on affidavits or other evidence beyond the Plaintiffs' complaint, the Plaintiffs' opposition does include evidence, and at this point even a Rule 12(b)

Motion would be evaluated under Rule 56.

Summary judgment is proper where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c) (1987).

The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed. R. Civ. P. 56(e) (1987). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Elec. Contractors Assn.*, 809 F.2d 626, 630 (9th Cir. 1987).

The Court must, of course, view all facts and draw all inferences in the light most favorable to the nonmoving party. *T.W. Elec. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

**2. Standing.**

The "case or controversy" standing requirement serves to limit federal jurisdiction to those cases in which an adversarial setting is guaranteed by the parties' "personal stake" in the outcome of the litigation The "irreducible minimum" demanded of a proper plaintiff by Article III's constitutional demands, however, requires that a plaintiff show he has "personally . . . suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant," that can be "fairly" traced to the defendant's challenged conduct, and which "is likely to be redressed by a favorable decision. Added to this core constitutional standing test are judicially created prudential limitations, including: a general prohibition on "raising another person's legal rights, a preference for the resolution of "generalized grievances" in the representative branches, and the "requirement that a plaintiff's complaint fall within the zone of interests protected" by the pertinent law. Finally, the Supreme Court has indicated that, at least when injunctive relief is sought, litigants must adduce a "credible threat" of recurrent injury. *See LaDuke v. Nelson*, 762 F.2d 1318, 1322-1323 (9th Cir. 1985)

(internal citations omitted).

Plaintiffs' claim of standing is tenuous at best. First of all, the history and resolution of the prior litigation between the Lassiters and the County over a land use dispute has no bearing on this case or the plaintiffs' claims for injunctive relief. As the Defendants point out, that issue was wholly unrelated to the "911 incident." Furthermore, the agreement reached to resolve that earlier litigation specifically provided that it was "inadmissible in any civil action involving the parties." That the Lassiters favorably settled the prior litigation is no more evidence that the County is engaged in a pattern and practice of depriving them of their rights than it is evidence that the Lassiters are litigious.

Nor have the Plaintiffs demonstrated that they face any risk that the various defendants will engage in conduct violative of their constitutional rights in the future. It is beyond dispute that an unrelated third party called 911 upon hearing threats or "pressure speech" from the Lassiter home, and that that was the precipitating factor in the officers' presence at that home. Unless and until there is some evidence that this was part of some larger plan or conspiracy, the fact that 911 was called and officers responded cannot support any legitimate claim of fear that the acts will occur again. Plaintiffs have not and cannot demonstrate any credible threat of the repetition of the allegedly unlawful acts.

This case is not akin to *LaDuke v. Nelson*, 762 F.2d 1318 (9th Cir. 1985), where a group of immigration officers repeatedly and consistently searched farms and ranches without warrants, searching for illegal immigrant workers. Recurrence in the absence of an injunction was predictable. Here, even considering the prior unrelated litigation, there is no evident likelihood that county officials will improperly respond to an unsolicited 911 call in the future.

Similarly, Plaintiffs have not demonstrated that they are likely to suffer irreparable injury in the absence of injunctive relief. Instead, their apparent claim that this could happen again is purely speculative, and as the defendants point out they do have a remedy at law, for damages.

Finally, the Plaintiffs have not demonstrated that the acts of which they complain are the result of "officially sanctioned" unconstitutional behavior. The propriety of the officers' entry under the circumstances they faced is hotly contested. But they cannot show that there is any sort of official policy of wantonly entering the Lassiters (or anyone else's) home and attacking and arresting innocent people for any reason. Even if the

ORDER
Page - 4

entry in question is ultimately determined to be wrongful, it is an isolated event. There is no basis on these facts for enjoining future such conduct. The remaining claims, such as the subsequent "calling card" incident, may be part of the Defendants' official policy, but, as they point out, there is nothing facially or implicitly nefarious about them.

For these reasons, the court concludes that the Plaintiffs do not have standing to assert their claims for injunctive and declaratory relief against any defendant. Defendants' Motions for Summary Judgment on these claims [Dkt. #s 91, 98, 99, 105] are GRANTED and all such claims are hereby DISMISSED WITH PREJUDICE.

DATED this 17th day of August, 2006

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE