1
2
3
4
5
6
7

HONORABLE RONALD B. LEIGHTON

8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11    KENNETH CHARLES LASSITER and      Case No. C05-5320RBL
      ALPHA DORIS D. LASSITER,

12                  Plaintiffs,           ORDER DENYING MOTION FOR
                                          CLARIFICATION/RECONSIDERATION
13          v.

14    CITY OF BREMERTON, MATTHEW
      THURING, JOHN VANSANTFORD,
15    ROBERT FORBES, BREMERTON POLICE
      CHIEF, et al.,

16

17                  Defendants.

18

19          This matter is before the court on the Plaintiff's Motion for Clarification [Dkt. #136] of the Court's

20    Order on Dalton Discovery [Dkt. #133]. That Order declined to quash a subpoena to Ms. Dalton seeking the

21    production of the transcript prepared by Ms. Lassiter, and rejected the Plaintiff's claim that the transcript was

22    protected from discovery by the work product immunity or by the attorney client privilege.

23          The Plaintiffs now claim that the "transcript" at issue is not in Ms. Dalton's possession (she apparently

24    has one prepared by someone else), and that their attorneys have at least one such transcript, but that the

25    Court's prior Order does not specifically apply to them.  Though captioned a Motion for Clarification, it is

26    clear that the Plaintiffs seek Reconsideration of the Court's ruling, and re-argue that the transcript (actually

27    *transcripts*) were prepared for or by counsel.  It is also apparent that there are several different transcripts of

28    the arrest incident.

ORDER
Page - 1

1    However, the subpoena at issue sought the transcript made by Mrs. Lassiter immediately after the

2    arrest, as described by her in a previous Affidavit.  That transcript is not privileged or work product, and even

3    if it were work product, the Defendants have in fact shown substantial need for it – due to the anomaly, it may

4    be the best evidence of what was actually said.   That version – whoever has it – must be produced.

5    Transferring it from Ms. Dalton to another attorney is not effective to preclude it from discovery.  And any

6    transcript in Ms. Dalton's possession is to be produced by her consistent with the Court's prior order.

7    Plaintiff now claims that there are several remaining versions of the transcript.  As for these, the

8    privilege or immunity may or may not apply.  It is clear that the Plaintiffs' version of events as to the number,

9    timing, method, and purpose of the transcriptions is evolving.  The court will reluctantly ORDER that all

10   remaining versions of the transcript be produced, and labeled as to author/transcriber and date, for *in camera*

11   review within ten days of the date of this order.  The Plaintiffs shall provide to the Defendants a list of the

12   various transcripts, including who made them and when.  The Court will then rule on the discoverability of the

13   remaining transcripts.

14   IT IS SO ORDERED.

15

16   DATED this 17th day of August, 2006

17

18   _____
     RONALD B. LEIGHTON

19   UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27

28

ORDER
Page - 2