UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH CHARLES LASSITER and
ALPHA DORIS D. LASSITER,

Plaintiffs,

v.

CITY OF BREMERTON, MATTHEW THURING, JOHN VAN SANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al.,

Defendants.

Case No. C05-5320 RBL

ORDER DENYING PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT ON PROBABLE CAUSE

## I. INTRODUCTION AND CONCLUSION

This matter comes before the Court on Plaintiffs' motion for partial summary judgment. (Dkt. No. 42). Plaintiffs seek a ruling as a matter of law that Defendants did not have probable cause to enter the Lassiters' home. Having reviewed the parties' submissions and determining that oral argument is not necessary for the disposition of this motion, the Court hereby DENIES Plaintiffs' motion because genuine issues of material fact remain for trial. The reasons for the Court's order are set forth below.

## II. BACKGROUND

The following facts are set forth in a light most favorable to Defendants:

On July 25, 2003, Kimberly Ulbright called 911 to report her neighbor, Plaintiff Kenneth Lassiter,

ORDER
Page - 1

threatening his wife with physical violence. The 911 operator recorded and/or Ms. Ulbright overheard Mr. Lassiter making the following statements:

- "Your job is to obey me…right now";

- "Put that fucking phone down and get to work";

- "I will hurt you";

- "You stop your horseshit and stop it now…. That's your own fucking throat and you're not going to cut mine";

- "And you're not going to be a God damn hero"; and

- "You God damn people are too fucking stupid."

The 911 operator informed Officers John Van Santford and Matthew Thuring that a neighbor reported sounds of a fight, a man yelling racial slurs and trying to restrain a woman, and a threat that the man would "cut her throat." Both Defendants are trained and experienced in handling domestic violence situations.

After arriving at Plaintiffs' residence, Defendants approached the house from two directions to assess the threat level and confirm a domestic disturbance was underway. Both officers heard a muffled argument. As the officers approached the entry, a male voice said "stay away from the window and don't say anything."

Defendants knocked several times before Mrs. Lassiter partially opened the door in a guarded fashion. Defendants were unable to assess whether Mrs. Lassiter was injured or whether Mr. Lassiter was threatening her with a knife or other weapon outside Defendants' view. Defendants asked Mrs. Lassiter if she was alright and "[w]here is the male?" Mrs. Lassiter replied she was fine and that she was alone. Mrs. Lassiter then looked behind her at someone Defendants could not see. Defendants entered the Lassiters' home to secure Mrs. Lassiter's safety.

## III. STANDARD OF REVIEW

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

## IV. DISCUSSION

Police officers need both probable cause and exigent circumstances to lawfully enter a home without a warrant. *See Kirk v. Louisiana,* 536 U.S. 635, 638 (2002). Each of these requirements for a warrantless entry will be considered in turn.

A. <u>Probable Cause</u>

Plaintiffs argue summary judgment is appropriate because Defendants undisputedly lacked probable cause to enter the Lassiters' home. (Dkt. No. 42 at 4). Defendants respond that, based upon the facts surrounding the domestic violence call, there are genuine issues of material fact as to whether Defendants had probable cause to enter the Lassiters' home. (Dkt. No. 55 at 8).

Probable cause exists when the facts and circumstances within the officers' knowledge are sufficient to cause a reasonably prudent person to believe that a crime has been committed. *See Ybarra v. Illinois,* 444 U.S. 85, 91 (1979). Courts evaluate the reasonableness of a warrantless search in view of the "totality of the circumstances" as viewed from the perspective of the police officers at the time of the entry. *See United States v. Lindsey,* 877 F.2d 777, 781 (9th Cir. 1989). Moreover, in a 42 U.S.C. § 1983 action, probable cause is generally a question of fact for the jury to decide. *See McKenzie v. Lamb,* 738 F.2d 1005, 1008 (9th Cir. 1984).

Viewing the evidence in the light most favorable to Defendants, Defendants have offered sufficient evidence to raise genuine issues of material fact on whether they had probable cause to enter the Lassiters' home. To be sure, Officers Thuring and Van Santford entered without a warrant and without consent. (Dkt. No. 42 at 15-16). However, Defendants received evidence from the 911 operator that a man was yelling racial slurs and verbal threats including "I will hurt you" and "your job is to obey me right now." (Dkt. No. 59 at 4). Defendants also offered evidence they heard an agitated man yelling when they approached the house, and that that man instructed a woman to stay away from the window and not to say anything. Finally, Mrs. Lassiter not only delayed in answering the door, but also lied to Defendants when they asked if she was alone. Because these factual circumstances are consistent with a potential domestic violence situation, whether Defendants had probable cause to enter the Lassiters' home is a disputed question of fact for the jury to decide. *Id.* at 6.

B. Exigent Circumstances

Plaintiffs argue summary judgment is appropriate because Defendants were motivated only to investigate whether a crime occurred. (Dkt. No. 68 at 7). Defendants respond that, based upon the facts surrounding the domestic violence call, there are genuine issues of material fact as to whether exigent circumstances existed justifying Defendants' warrantless entry. (Dkt. No. 55 at 13).

It is a basic principle of Fourth Amendment law that searches and seizures inside a home without a warrant are presumptively unreasonable. *Payton v. New York,* 445 U.S. 573, 590 (1980). The presence of exigent circumstances, however, provides a narrow exception to the warrant requirement. *United States v. McConney,* 728 F.2d 1195, 1199 (9th Cir. 1984), *abrogated on other grounds by Estate of Merchant v. C.I.R.,* 947 F.2d 1390, 1392 (9th Cir. 1991). Exigent circumstances include situations that would cause a reasonable officer to believe that entry into the home was necessary "to prevent physical harm to the officers or other persons." *Id.* In claiming an exigency exception, police bear the "heavy burden" to demonstrate an urgent need to justify warrantless searches based on specific and articulable facts. *LaLonde v. County of Riverside,* 204 F.3d 947, 957 (9th Cir. 2000) (citations omitted).

Viewing the evidence in a light most favorable to Defendants, Defendants have offered sufficient evidence to raise genuine issues of material fact on whether they acted in response to exigent circumstances. First, Defendants were informed weapons were potentially involved, the victim was possibly being restrained, and that the victim was asking to be "let go." (Dkt. No. 55 at 13). Second, when Defendants arrived, they overheard the suspect yelling and instructing the woman inside to "stay away from the window and don't say anything." (Dkt. No. 59 at 2). Third, it took several attempts to get anyone to answer the door. (Dkt. No. 55 at 13). Fourth, the woman answered the door with only part of her body visible to the officers. Finally, the woman falsely stated she was alone and denied anything was wrong. *Id.* Together, these circumstances support an inference that Defendants entered the home to protect and prevent any future harm against Mrs. Lassiter. Whether Defendants can establish exigent circumstances is a disputed question of fact for the jury to decide.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Plaintiffs' motion for partial summary judgment (Dkt. No. 42) because genuine issues of material fact remain for trial.

DATED this 8th day of September, 2006.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE