UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BREMERTON, MATTHEW THURING, JOHN VAN SANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al.,<br><br>Defendants. | Case No. C05-5320 RBL<br><br>ORDER GRANTING DEFENDANTS' MOTION TO COMPEL |

    Before the court once more is a garden variety discovery dispute among the parties. This time, the defendants seek to compel the Plaintiffs to produce to them the tape recording of the incident at the Lassiter home and the tape recording device upon which it was made. [Dkt. #190] Plaintiffs apparently offered to produce these items in the past, but the parties could not agree on a protocol for the custody of the items, and the defendants apparently will not divulge the expert(s) to whom they will be sending them.

    The Plaintiffs now argue that the Defendants' request is not consistent with Rule 34 or Rule 37, and ask the court to deny the Defendants the right to have their experts inspect this evidence. Technical noncompliance aside, it is clear to the court that the parties have long known that the tape and the recording device were, in their minds, important evidence and that the defendants would want to (and be entitled to) inspect it.

    Plaintiffs' chief concerns are that the Defendants have not identified the expert(s) to whom the items would be sent for inspection, the manner of shipment, the nature of the testing, or described safeguards against loss or damage. Viewing these issues as insurmountable, Plaintiffs ask the court to deny

ORDER
Page - 1

the Defendants access to the items, or to appoint its own expert.

Defendants reply by identifying their expert, Mr. Cain, his location, and explaining the impracticality of doing the testing here. They state that the testing will be nondestructive, and point out that evidence is typically if not universally "Fed Ex'd" from one party or expert to another.

The court agrees; it recently ordered a similar mode of transport for evidence in an unrelated case. In short, all of the issues raised by Plaintiffs have been addressed, and for that reason the court is, in conjunction with this Order, executing the Defendants' revised proposed Order. The Defendants shall have until December 1, 2006 to disclose their expert's report.

DATED this 30th day of October, 2006

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE