UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF BREMERTON, MATTHEW THURING, JOHN VAN SANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al., <br><br> Defendants. | Case No. C05-5320 RBL <br><br> ORDER DENYING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT FOR EXCESSIVE FORCE |

I. SUMMARY

This matter comes before the Court on Defendants Matthew Thuring and Jon Van Santford's motion for summary judgment. (Dkt. No. 217). The Defendant officers seek a ruling as a matter of law that they used objectively reasonable force in detaining Mr. Lassiter. Defendants alternatively assert that their conduct is protected by qualified immunity. Having reviewed the parties' submissions and determining that oral argument is not necessary for the disposition of this motion, the Court hereby DENIES Defendants' motion. The reasons for the Court's order are set forth below.

ORDER
Page - 1

## II. BACKGROUND

The following alleged facts are set forth in a light most favorable to Plaintiffs:

On July 25, 2003, Defendant Officers John Van Santford and Matthew Thuring lawfully entered Plaintiffs' home to investigate a possible assault.[1]  After refusing repeated orders to sit down, Officer Van Santford grabbed Mr. Lassiter's wrist, bent it back, and forced him to the floor.  Defendants handcuffed Mr. Lassiter and informed him he was under arrest.  Defendants did not loosen Mr. Lassiter's handcuffs despite his complaints that they were too tight.  Mr. Lassiter did not fight Defendants.  During the arrest, Mrs. Lassiter explained to Defendants that Mr. Lassiter had a hurt foot and a heart condition, but they did not listen.

Mr. Lassiter suffered injuries to his wrist, arms, and back.  After the arrest, Defendants called an aid car to assist Mr. Lassiter.  Mr. Lassiter later sought medical care for his injuries.  Mr. Lassiter's injuries included cuts, bruises, a sprained wrist, and possible scapholunate dislocation.  The pain he experienced necessitated doctor visits in August 2003 and October 2003.

## III. DISCUSSION

A. <u>Summary Judgment Standard</u>

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answer to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.,* 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual

---

[1] The Court previously held that Defendants both lawfully entered Plaintiffs' home and arrested Mr. Lassiter.  As a result, the facts surrounding Defendants' entry need not be included.

ORDER
Page - 2

disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.*, 68 F.3d at 1220.

B. <u>Qualified Immunity Standard</u>

Defendants in a § 1983 action are entitled to qualified immunity from civil liability damages if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). The existence of qualified immunity generally turns on the objective reasonableness of the officer's actions, without regard to the knowledge or subjective intent of the particular individual. *Id.* at 819. Whether a reasonable officer could have believed his or her conduct was proper is a question of law for the court and should be determined at the earliest possible point in the litigation. *ActUp!Portland,* 988 F.2d 868, 873 (9th Cir. 1993).

In analyzing a qualified immunity defense, the Court must determine: 1) whether a constitutional right would have been violated on the facts alleged, taken in the light most favorable to the party asserting the injury; and 2) whether the right was clearly established when viewed in the specific context of the case. *See Saucier v. Katz,* 533 U.S. 194, 205 (2001); *Kennedy v. City of Ridegield,* 411 F.3d 1134, 1141 (9th Cir. 2005). In the second step, the court decides if the officers made a reasonable mistake about what the law requires. *Kennedy,* 411 F.3d at 1142; *see also, Doe v. Petaluma City Sch. Dist.,* 54 F.3d 1447, 1450 (9th Cir. 1995) (where the law is clearly established, the burden is on the defendant to prove that his or her actions were nonetheless reasonable).

C. <u>Excessive Force</u>

Defendants argue summary judgment is appropriate because they used objectively reasonable force in detaining Mr. Lassiter. (Dkt. No. 217 at 5). Defendants alternatively assert that their use of force is protected by qualified immunity. *Id.* at 7. Plaintiffs respond that the evidence, viewed in the light most favorable to them, demonstrates that Defendants did not use objectively reasonable force. (Dkt. No. 235 at 9).

The Fourth Amendment's "objective reasonableness" standard governs §1983 excessive force claims. *Graham v. Conner,* 490 U.S. 386, 388 (1989); *Smith v. City of Hemet,* 394 F.3d 689, 700 (9th Cir. 2005). Determining whether force is reasonable under the Fourth Amendment requires a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing government interests." *Graham,* 490 U.S. at 396 (internal quotations omitted). The court must gauge the reasonableness of the force from the perspective of the officer on the scene rather than with 20/20 hindsight. *Id.*

The relevant factors used in determining the reasonableness of force include the nature of the crime involved, the threat the suspect posed, and whether the suspect was resisting arrest. *Id.* Because balancing the intrusion on an individual's Fourth Amendment interests against the government's interest "nearly always requires a jury to sift through disputed factual contentions, and to draw inferences therefrom," summary judgment in excessive force cases should be "granted sparingly." *Smith,* 394 F.3d at 701 (*quoting Santos v. Gates,* 287 F.3d 846, 852 (9th Cir. 2002); *accord Liston v. County of Riverside,* 120 F.3d 965, 976 n.10 (9th Cir. 1997) (nothing that the reasonableness of force is "ordinarily a question of fact for the jury"). If the evidence, viewed in the light most favorable to Plaintiffs, could support a finding of excessive force, granting summary judgment is not appropriate. *Smith,* 394 F.3d at 700.

Viewing the evidence in the light most favorable to Plaintiffs, a reasonable jury could find that Defendants used excessive force against Mr. Lassiter. Mr. Lassiter did refuse repeated orders to sit down. Mr. Lassiter alleges, however, that Defendants responded by grabbing his wrist, bending it back, and

forcing him to the floor. Mr. Lassiter also alleges his handcuffs were too tight. The photographs Plaintiffs submitted illustrate the numerous bruises Mr. Lassiter received.[2] Assuming Mr. Lassiter's allegations regarding Defendants' use of force and the injuries he received are true, Defendants' actions were excessive. Thus, the Court turns to the next step in the qualified immunity analysis.

Again assuming Mr. Lassiter's allegations are true, no reasonable officer would believe Defendants' conduct is lawful. Because there are too many disputed factual contentions surrounding Defendants' actions and Mr. Lassiter's injuries, summary judgment is inappropriate.

## V. CONCLUSION AND ORDER

For the reasons discussed above, the Court DENIES Defendants' motion for summary judgment on excessive force (Dkt. No. 217) because genuine issues of material fact remain for trial.

IT IS SO ORDERED this 13th day of December, 2006.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

---

[2] *See* Dkt. No. 223, Exhibits B1-B5.