HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH CHARLES LASSITER and
ALPHA DORIS LASSITER,

Plaintiffs,

v.

CITY OF BREMERTON, et al.,

Defendants.

Case No. C05-5320RBL

ORDER DISMISSING CERTAIN STATE
LAW CLAIMS AS TO DEFENDANTS
THURING AND VAN SANTFORD

This matter comes before the Court on Request for Clarification [Dkt. #261] by defendants Thuring and Van Santford regarding the Court's prior Order of December 13, 2006 [Dkt. #258].

In their request, the officers ask the Court to resolve the state law claims placed in issue by the officers' earlier summary judgment motion [Dkt. #217]. The Court has reviewed the materials submitted by the parties in connection with the motion for summary judgment and makes the following Order:

1.  <u>False Arrest and Unlawful Imprisonment</u> - The Court has previously ruled that the officers were justified in entering the Lassiters' home and in arresting the Lassiters for Obstruction of a Law Enforcement Officer [Dkt. #s 189, 210].

The state law claims against Thuring and Van Santford for false arrest and unlawful imprisonment are therefore **DISMISSED** with prejudice.

2.  <u>Malicious Prosecution</u> - A claim for malicious prosecution against a law enforcement officer under state law has five elements: 1) the prosecution was instituted or continued by the defendants; 2) there was a lack of probable cause; 3) the prosecution was instituted or continued through malice;

4) the proceeding was terminated in the plaintiff's favor; and 5) plaintiff was injured. *Clark v. Baines*, 150 Wn.2d 905 (2004). Here there was probable cause to support the Municipal Court prosecution and neither of the officers instituted or continued the action. As to the Superior Court action against Kenneth Lassiter, there is no evidence that Officers Thuring or Van Santford participated in either the decision to prosecute or the events leading up to said decision.

The state law claim for malicious prosecution against Thuring and Van Santford is **DISMISSED** with prejudice.

3. <u>Abuse of Process</u> - A claim for abuse of process requires the plaintiffs to prove that 1) the defendants had an ulterior motive in the use of the legal process, and 2) the use of the process was not proper in the regular prosecution of such process. *Loeffelholz v. C.L.E.A.N.*, 119 Wn. App. 665 (2004). Inasmuch as no process was used or directed by Officers Thuring and Van Santford, the claim of Abuse of Process against them is **DISMISSED** with prejudice.

**IT IS SO ORDERED.**

DATED this 16th day of January, 2007.

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE