HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS LASSITER, | Case No. C05-5320RBL |
| Plaintiffs, | |
| v. | ORDER GRANTING FORBES' MOTION FOR SUMMARY JUDGMENT |
| CITY OF BREMERTON, et al., | |
| Defendants. | |

This matter comes before the Court on Defendant Robert Forbes' motion for summary judgment dismissing all claims alleged against him. [Dkt. #144]. The underlying facts of this case are familiar to the parties inasmuch as this is the eighth motion for summary judgment or partial summary judgment the Court has ruled on. They will not be repeated here. For the reasons stated below, the defendant's motion is **GRANTED** and all claims against Robert Forbes are **DISMISSED** with prejudice.

## CLAIMS AGAINST FORBES

Robert Forbes is the former Chief of Police for the City of Bremerton.[1] He was Chief of the Bremerton Police Department when Kenneth and Alpha Lassiter were arrested on July 25, 2003 and when, shortly thereafter, they were charged criminally with obstruction of a law enforcement officer arising out of that same incident. Forbes was also Chief of Police when, on May 27, 2005, Kenneth Lassiter was charged with "Obtaining a Signature by Deception or Duress" and "Tampering with Physical Evidence." These

---

[1]He was Chief from August 16, 1999 until September 30, 2005.

charges stemmed from a gap in an audio tape recording of the July 25, 2003 incident, which Lassiter produced approximately one year after the event.  The gap/erasure was first found during an investigation authorized by Forbes and conducted by the Washington State Patrol, investigating whether the two officers involved in the July 25 incident had committed perjury or false swearing in their official reports of the incident.  The Washington State Patrol concluded that the evidence did not support a charge of false swearing or perjury.

Because of the erasure in the Lassiter tape, Kitsap County Prosecutors filed tampering charges against Lassiter, who was then pursuing a civil claim against the City of Bremerton based, in large part, upon his tape recording of the July 25, 2003 arrest of the Lassiters.

The Obstruction charges filed against the Lassiters were dismissed on October 25, 2004, at the request of the prosecuting attorney.  The charges against Kenneth Lassiter arising out of the erasure in the tape recording were dismissed in Superior Court on September 29, 2005.  This action was commenced by the Lassiters on May 16, 2005.

The claims currently facing defendant Forbes are contained in the Second Amended Complaint filed in March of 2006 [Dkt. #37].  Plaintiffs assert the following claims against Forbes: Negligent hiring of Officers Thuring and Van Santford (Claim 7); negligent supervision of the same two officers (Claim 8); malicious prosecution arising out of both the Municipal Court and Superior Court actions (Claims 9, 10, 13 and 14); abuse of process from the same criminal litigation (Claims 11 and 15); and excessive force and assault (Claims 4 and 6).  Defendant in his motion claims that essential elements of the state law claims are not supported by the evidence and that he is entitled to qualified immunity as to any alleged constitutional violations.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).  "The mere existence of a scintilla of evidence in support of the non-moving party's position is

1  not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995).  Factual

2  disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a

3  motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  In other

4  words, "summary judgment should be granted where the nonmoving party fails to offer evidence from

5  which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

## DISCUSSION

7  **A.      Qualified Immunity.**

8           Forbes argues that he is qualifiedly immune from § 1983 liability because at all times he acted

9  reasonably and in accordance with the law.  The § 1983 liability alleged in the complaint and articulated in

10 subsequent pleadings by the plaintiffs implicate the following rights:

11                  a)      Freedom from excessive force during arrest;

12                  b)      Freedom from arrest without probable cause;

13                  c)      Freedom to criticize the police;

14                  d)      Freedom from arrest or prosecution based upon false evidence fabricated by the

15                          government; and

16                  e)      Freedom from warrantless home entries and searches for purposes of investigating a

17                          crime or apprehending suspects absent an individualized, fact-specific determination

18                          by the police that exigent circumstances made obtaining a warrant impractical.

19 Plaintiffs' Opp. Memo [Dkt. #169] pp. 6-7.

20          A defendant in a § 1983 action is entitled to qualified immunity from damages for civil liability if his

21 conduct does not violate clearly established statutory or constitutional rights of which a reasonable person

22 would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The existence of qualified immunity

23 generally turns on the objective reasonableness of the actions, without regard to the knowledge or

24 subjective intent of a particular individual. *Id*. at 819.  Whether a reasonable officer could have believed

25 his or her conduct was proper is a question of law for the Court and should be determined at the earliest

26 possible point in the litigation. *Act Up! Portland*, 988 F.2d 868, 872-73.  In analyzing a qualified immunity

27 defense, the Court must determine: 1) whether a constitutional right has been violated on the facts alleged,

28 taken in the light most favorable to the party asserting the injury; and 2) whether the right was clearly

1    established when viewed in the specific context of the case.  *Saucier v. Katz*, 533 U.S. 194, 205.

2          **1.     Constitutional Violation.**

3          This Court has previously ruled that no constitutional violation occurred in the entry of the Lassiter

4    home [Dkt. #189] or the arrest of the Lassiters for Obstructing a Law Enforcement Officer. [Dkt. #210].

5    Any claim for damages asserted against Defendant Forbes, based upon his officers entering the Lassiter

6    home or arresting the Lassiters on July 25, 2003 is therefore **DISMISSED** with prejudice.

7          This Court has also previously ruled that the Lassiters' claim that Officers Thuring and Van

8    Santford used excessive force when arresting them presents a triable issue of fact as to those on-scene

9    officers.  Claims of excessive force against the police chief who was not at the scene raise different issues

10   for the Court to consider.

11         Police chiefs may not be held vicariously liable for the acts of their subordinates and may only be

12   liable if one of their own actions violated one of the civil rights in question.  *See Hesselgesser v. Reilly*, 440

13   F.2d 901 (9th Cir. 1971); *Randle v. Madigan*, 356 F.Supp. 1048, 1050 (D.C. Cal. 1972).  Similarly, the

14   doctrine of respondeat superior cannot be used to impose § 1983 liability on a supervisor for the conduct

15   of a subordinate violating a plaintiff's constitutional rights.  *See Monell v. Dept. of Social Services*, 436

16   U.S. 658, 691 (1978).

17         The Lassiters argue that Chief Forbes is liable if he violated their constitutional rights in any one of

18   at least four different ways: (1) by personally violating, or conspiring to violate those rights; (2) by

19   directing a violation or setting in motion acts which cause others to inflict constitutional injury; (3) by

20   establishing a policy or otherwise authorizing, encouraging, or ratifying a custom or practice that

21   proximately caused constitutional violations; or (4) by demonstrating deliberate indifference concerning

22   violations of those rights by officers in his department.  Plaintiff's Opp. Memo [Dkt. #169] p. 7.

23         Taken in the light most favorable to the Lassiters, the relevant facts of this case are as follows: 1)

24   Officers Thuring and Van Santford were summoned to the Lassiter residence on July 25, 2003, in response

25   to a third-party domestic violence call to 9-1-1 in which a threat of deadly violence was allegedly directed

26   to the wife by the husband; 2) Ms. Lassiter lied to the officers when she told them she was alone in the

27   house (the officers had already heard a male voice inside); 3) Upon entry into the residence, neither Mr. or

28   Mrs. Lassiter would cooperate with the officers and Mr. Lassiter refused to sit and remain stationary as the

officers took control of the scene; 4) the Lassiters were arrested for Obstruction of a Law Enforcement Officer; 5) those charges were later dismissed upon motion of the prosecuting attorney; 6) approximately one year after the incident the Lassiters presented the City with a tape recording of the incident and alleged that the officers lied in their report when they said they repeatedly told Mr. Lassiter to "stop" and the tape shows they instead said "sit down"; 7) Chief Forbes placed the officers on administrative leave and asked the Washington State Patrol to conduct an investigation into the Lassiters' claim, the investigation reveals a gap/erasure in the tape and also concluded there is no evidence of false swearing or perjury on the part of the officers[2]; 8) the Lassiters make a claim for damages and the Kitsap County Prosecuting Attorney filed additional charges against Mr. Lassiter based on the erasure of the tape; 9) the charges against Mr. Lassiter were dismissed by the Kitsap County Superior Court; and 10) the Lassiters' claims are now before this Court.

In order to ensnare Chief Forbes, plaintiffs allege a vast inter-agency conspiracy involving police officers from the City of Bremerton and prosecuting attorneys from Kitsap County all working to violate the constitutional rights of the Lassiters.  Plaintiffs argue that there exists sufficient facts upon which a jury could infer such a conspiracy.  They are wrong.[3]

There is no evidence that a conspiracy involving Chief Forbes directed the two officers to the Lassiter residence on July 25, 2003.  The entry into the home and subsequent arrest were lawful and did not involve a deprivation of constitutional rights.  If excessive force was employed by the responding officers when making the arrest, that violation of constitutional rights was their own doing as there is absolutely no evidence of a custom policy, or practice on the part of the Bremerton Police Department to disregard the rights of the citizens it serves.

---

[2]In hindsight, too much was made by the Washington State Patrol, the police, and the prosecutors over the tape erasure, just as too much is made by Libby and the Lassiters over the distinction between "stop" and "sit down" as a means of keeping Kenneth Lassiter in the living room and gaining control of the scene.

[3]The Lassiters' speculation about a conspiracy does not rise to the level of evidence sufficient to survive summary judgment.

1    Inasmuch as the arrests were based on probable cause, the decision to prosecute the cases against

2    Mr. and Mrs. Lassiter did not constitute malicious prosecution or abuse of process.  More importantly, the

3    decision to charge and prosecute was made exclusively by the prosecuting attorney(s) who have absolute

4    immunity for their decisions.  *See* Order Granting Kitsap County's Motion for Partial Judgment entered

5    this date.  No prosecutor involved in this case has testified that Chief Forbes influenced their ability to

6    review the evidence objectively and charge the cases as the law allowed.

7    With regard to the charges filed against Mr. Lassiter stemming from the erasure in the audio tape, it

8    is important to remember that the erasure was first detected as part of a Washington State Patrol

9    investigation.  The Lassiters do not allege that the State Patrol was a participant in the conspiracy to

10   violate their rights.  Nor do they deny that there is an erasure on the tape or that they caused the erasure.

11   The question is, was the erasure made accidentally, or intentionally with the aim of manipulating facts

12   relevant to the Lassiters' claim for damages?  On that fundamental question, the prosecuting attorney had

13   the same information as the police department or the state patrol.  Based on the evidence, the decision to

14   charge was theirs alone and they are protected by absolute immunity from any subsequent claim of

15   damages.

16   There is no evidence to support the Lassiters' claim that Robert Forbes directly, or as a member of

17   a conspiracy, caused others to violate constitutional rights of the plaintiffs.  Moreover, there is no evidence

18   that Forbes demonstrated deliberate indifference to alleged violations of constitutional rights by failing to

19   properly investigate the plaintiffs' allegations after the July 25, 2003 incident.  All claims brought by the

20   plaintiffs against Robert Forbes pursuant to 42 U.S.C. § 1983 are hereby **DISMISSED** with prejudice.

21   **B.      State Law Claim for Assault**.

22   Robert Forbes, as Chief of Police, is not vicariously liable for the torts of an employee.  *Harvey v.*

23   *County of Snohomish*, 124 Wn. App. 806 (2004), reversed on other grounds, 134 P.3d 216 (2006).  There

24   is no evidence that Forbes directed the responding officers to assault the plaintiffs (if they did) and there is

25   no evidence that he knew about the alleged assault in time to intervene and stop it.  Robert Forbes is not

26   liable for directly causing or failing to prevent the alleged assault on plaintiffs.  The assault claim against

27   Forbes is **DISMISSED** with prejudice.

28   **C.      State Law Negligent Hiring Claim.**

1    Forbes was not the Chief of Police when Thuring and Van Santford were hired.  He is not liable on

2   a negligent hiring claim.  That claim is **DISMISSED** with prejudice.

3   **D.      State Law Negligent Supervision Claim.**

4          The facts taken in the light most favorable to plaintiffs fails to establish a failure on the part of Chief

5   Forbes or the chain of command of the Bremerton Police Department to supervise Officers Thuring or Van

6   Santford.  There is nothing in their employment history or personnel files that would indicate a propensity

7   for assault, civil rights violations or falsifying reports.  The negligent supervision claim is **DISMISSED**

8   with prejudice.

9   **E.      State Law Malicious Prosecution and Abuse of Process Claims.**

10         In Washington, the elements of malicious prosecution are:

11              1)      The prosecution claimed to have been malicious was instituted or continued by the

12                      defendant;

13              2)      That there was want of probable cause for the institution or continuation of the

14                      prosecution;

15              3)      That the proceedings were instituted or continued through malice;

16              4)      That the proceedings terminated on the merits in favor of the plaintiff, or were

17                      abandoned; and

18              5)      The plaintiff suffered injury or damage as a result of the prosecution.

19   *Olsen v. Fullner*, 29 Wn. App. 676 (1981).

20         With respect to both the municipal court case against both Lassiters and the superior court action

21   against Kenneth Lassiter, there is no evidence to support the plaintiffs' speculation that Forbes instituted or

22   continued the actions against the plaintiffs.  Indeed, he is without power to institute or continue criminal

23   prosecutions against any citizen.  The attendance of Forbes at a meeting where attorneys sought to avert a

24   future civil claim against the County by dismissing criminal charges pending against Mr. Lassiter does not

25   make him liable as the acting party in decisions within the discretion of trained prosecuting attorneys.

26

27

28

1    Because Chief Forbes did not participate in either prosecution of plaintiffs he cannot be liable for

2    abuse of process.

3        For the foregoing reasons, claims for malicious prosecution and abuse of process are **DISMISSED**

4    with prejudice as against Robert Forbes.

5                                        **CONCLUSION**

6        Defendant Forbes' Motion for Summary Judgment [Dkt. #169] is **GRANTED** and all claims

7    against Robert Forbes are **DISMISSED** with prejudice.

8        DATED this 17th day of January, 2007.

9

10

11

12    RONALD B. LEIGHTON
      UNITED STATES DISTRICT JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28