HONORABLE RONALD B. LEIGHTON

1
2
3
4
5
6
7
8
UNITED STATES DISTRICT COURT
9
WESTERN DISTRICT OF WASHINGTON
AT TACOMA
10
| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS LASSITER, | Case No. C05-5320RBL |
| Plaintiffs, | |
| v. | ORDER GRANTING KITSAP COUNTY'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| CITY OF BREMERTON, et al., | |
| Defendants. | |

This matter comes before the Court on motion by Kitsap County seeking partial summary judgment dismissing plaintiffs' claims under 42 U.S.C. §§ 1983 and 1988 [Dkt. #239].  The parties are familiar with the facts of this case and they will not be repeated here.

The liability of Kitsap County is predicated upon the conduct of its prosecuting attorneys who participated in the filing of charges against Kenneth Lassiter in the Superior Court action entitled *State of Washington v. Kenneth Charles Lassiter,* Cause No. 05-1-00792-1.  The Court has reviewed the written materials submitted by the parties and has determined that oral argument is not necessary to resolve the issues presented in the motion.  For the following reasons, defendant's motion for partial summary judgment is **GRANTED**.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law.  Once the moving party has satisfied its burden, it is entitled to summary judgment if the

ORDER
Page - 1

non-moving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### A.   The Prosecuting Attorneys Were Representatives of the State.

In Washington, prosecuting attorneys who act within the scope of their duties in initiating and pursuing criminal prosecutions under state law are representing the State of Washington, not the county in which they serve. This salient principle was established in *Whatcom County v. State of Washington*, 99 Wn. App. 237 (2000) (citing *McMillan v. Monroe County*, 520 U.S. 781 (1997) and *Pitts v. County of Kern*, 70 Cal. Rptr. 2d 823 (1998)).

Plaintiffs argue that because of an inter-agency conspiracy between Bremerton and Kitsap County, the prosecuting attorneys were not really representing the State when enforcing the laws of the state but rather were offering advice and manipulating the legal process to benefit their largest client, the City of Bremerton. As stated in this Court's Contemporaneous Order Granting Forbes' motion for summary judgment, there is no evidence to substantiate plaintiffs' allegations of a conspiracy. The evidence giving rise to the charges against Mr. Lassiter were developed by the Washington State Patrol (a non-conspirator) and the decision to file charges under state law was made by prosecuting attorneys who have absolute immunity for the charging decision they make. The fact that Kitsap County sought during plea negotiations to wrap in a waiver of any civil liability the Lassiters might want to pursue is neither surprising nor availing to plaintiffs in this motion. The Court would note that plea agreements with federal defendants routinely include negotiated admissions by defendants of probable cause for those charges being dismissed as part of the plea. The purpose, as here, is to avoid subsequent civil litigation.

**B.      There is no Evidence That a Constitutional Violation Alleged by Plaintiffs Occurred as a Result of Official Policy or Longstanding Practice or Custom of Kitsap County.**

Municipal liability under 42 U.S.C. § 1983 will only be imposed when action pursuant to official municipal policy results in a violation of a constitutional right. *Monell v. Dept. of Social Services of N.Y.*, 436 U.S. 658, 694 (1978). The municipal policy need not be adopted officially but may result from longstanding practice or custom. *Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992).

In the case at bar, there is no evidence to support the bare assertion of such a custom or practice in Kitsap County. Reference to the case of *Armstrong v. Kitsap County*, Cause No. 04-5461RBL, 2006 WL 3192518 (W.D. Wash. Nov. 2, 2006) is not persuasive. *Armstrong* did not involve conduct by the prosecuting attorneys office, was a case of doubtful liability and stands alone as the one example plaintiffs cite as evidence of longstanding practice or custom within Kitsap County to violate constitutional rights of the citizens it serves. The evidence presented to this Court does not support the conclusion advanced by plaintiffs.

**C.      The Prosecuting Attorneys are Immune For Their Charging Decisions in this Case.**

The actions of the prosecuting attorneys in making charging decisions are entitled to absolute immunity. *Burns v. King County*, 883 F.2d 819, 824 (9th Cir. 1989). The absolute immunity extends even where there is evil intent or clear evidence of lack of guilt. *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989). The absolute immunity is lost only when a prosecutor acts as an investigator or witness and not as a prosecutor. *Morley v. Walker*, 175 F.3d 756, 760-61 (9th Cir. 1991). The decision to file a criminal complaint is ordinarily presumed to result from an independent determination on the part of the prosecutor, and thus precludes liability in a § 1983 malicious prosecution action for those who participated in the investigation or filed the report that resulted in the initiation of proceedings. *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067 (9th Cir. 2004).

On the other hand, a prosecutor is not entitled to absolute prosecutorial immunity with respect to his actions in executing a certificate for determination of probable cause in connection with filing charges against an accused. The act of filing a certification is not one of the traditional functions of the prosecutor as advocate since neither federal nor state law requires the prosecutor to make the certification as it could be made by any competent witness. *Kalina v. Fletcher*, 522 U.S. 118, 129 (1997). For this conduct, only qualified immunity is available to the prosecutor.

Unlike the circumstances in *Kalina*, where the prosecutor signed an erroneous "Certificate or Determination of Probable Cause" "under penalty of perjury," there is no allegation that the Certificate signed by Prosecuting Attorney Christian Casad contained any inaccuracies.  The report of the Washington State Patrol was attached which identified the erasure in the July 25, 2003 tape recording, alleged that the erasure was caused by the Lassiters (a charge they do not deny) and states that based upon the same information provided to the Court (the WSP Report) he has probable cause to believe that the defendant committed the offense with which he is charged.  *See* Smith Decl. [Dkt. #245] pp. 102-108.  A subsequent certification for determination of probable cause signed by Prosecutor James Mitchell supported expansion of the charges against Kenneth Lassiter.  The Court has reviewed the recitation of facts provided by Mitchell to the Superior Court and compared it with the undisputed facts in this case.  As was true with the document signed by Casad, the Mitchell declaration does not misstate the relevant facts in any way.  The only error contained in the declaration states that Kenneth Lassiter came to the door on July 25, 2003 and told the responding officers that there was no one else in the house.  In fact, it was Mrs. Lassiter who came to the door and made the referenced statement.  This error is not material to the liability of Kitsap County and resulted in no violation of any constitutional right possessed by Kenneth Lassiter.

In the absence of some misinformation being communicated within the Certificate of Probable Cause, there is no conduct on the part of the prosecuting attorney which is unreasonable as a matter of law and the attorney is entitled to qualified immunity.

### D.   Plaintiff was Never Arrested or Seized in Connection with the Superior Court Action.

A constitutional claim for malicious prosecution arises out of the Fourth Amendment and not the right to substantive due process.  *Albright v. Oliver*, 510 U.S. 266 (1994).  Before the Fourth Amendment is implicated, there must be a physical seizure or arrest.  *Karam v. City of Burbank*, 352 F.3d 1188, 1193 (9th Cir. 2003).  In this case, there is no evidence that Kenneth Lassiter was ever taken into custody or restrained in any way in connection with the Superior Court criminal charges.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CONCLUSION**

 For the foregoing reasons, the Motion for Partial Summary Judgment by Kitsap County [Dkt. #239] is **GRANTED**.  Claims 13 and 16 are dismissed with prejudice as against Kitsap County.

 **IT IS SO ORDERED.**

 DATED this 17th day of January, 2007.


_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 5