HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,<br><br>        Plaintiffs,<br><br>    v.<br><br>CITY OF BREMERTON, MATTHEW THURING, JOHN VANSANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al.,<br><br>        Defendants. | Case No. C05-5320RBL<br><br>ORDER DENYING MOTION FOR RECONSIDERATION |

This matter is before the court on the Plaintiffs' Motion for Reconsideration [Dkt. #378] of the Court's Order granting defendants' Motion for Summary Judgment and dismissing the claims arising out of the arrest of Mrs. Lassiter [Dkt. #375].   Plaintiffs' primary contention is that speech alone cannot as a matter of law provide probable cause supporting an arrest for obstructing a law enforcement officer.

At issue is Mrs. Lassiter's statement to Officer Van Santford that "no one else is here" when he asked her where the man was, after he came to her door in response to a 911 call reporting domestic dispute.  She partially opened the door and did not reveal herself.

RCW 9A. 76.020(a) provides: "A person is guilty of obstructing a law enforcement officer if the person willfully hinders, delays, or obstructs any law enforcement officer in the discharge of his or her official powers or duties."  Plaintiffs argue that speech alone cannot support an obstruction charge. This argument is based

ORDER
Page - 1

on *State v. White,* 97 Wn.2d 92, 640 P.2d 1016 (1982).

*White* involved a prior version of the obstruction statue which included a "stop and identify" component. The prior statute made it "obstruction of a public servant" to "fail to make or furnish any statement report or information lawfully required of him by a public servant," or to "make any knowingly untrue statement to a public servant." *White*, 97 Wn.2d at 94. The defendant there, suspected of burglary, was arrested for failing to accurately identify himself and give the suspicious officer his correct address. The court found the "stop and identify" component of the statute unconstitutional under the Fourth Amendment. As the Plaintiffs here emphasize, it did hold in part that " a detainee's refusal to disclose his name address and other information cannot be the basis of an arrest." *Id.* at 97; Plaintiffs' Motion for Reconsideration at 3. The court did not hold, however, that speech alone cannot amount to obstruction as a matter of law.

The error of Plaintiffs' position is demonstrated by another case they rely upon. In *State v. CLR*, 40 Wash. App. 839, 700 P.2d 1195 (1985), the defendant was convicted of obstruction for truthfully yelling to a prostitute that the male she was soliciting "was vice." The conviction was overturned not because "speech alone cannot support an obstruction charge," but because there was insufficient proof that CLR knew that the undercover officer was engaged in the discharge of his official duties, *Id.*, 40 Wash. App. at 842; and because proof of the fact of hindrance, delay or obstruction was deficient. *Id.* at 842-843. The court discussed and recognized that a verbal warning sometimes can, and sometimes cannot, amount to obstruction. It cited with approval the rule in other jurisdictions that in order for a warning to a third party to amount to obstruction, there must be obvious, contemporaneous illegal activity – and for that reason, CB radio warning of speed traps, or stating to concert goers that one of those present is an undercover officer do not amount to obstruction. Because the current case does not involve a warning, this case is not particularly relevant. But it does demonstrate that the blanket prohibition perceived and advocated by the Plaintiffs simply does not exist.

In this case, Ms. Lassiter was not convicted; the question is whether the arresting officer had probable cause to arrest her for obstruction based on her speech (and conduct) when they came to her door and she lied to them about who was there. *White* does not support the contention that speech alone is insufficient for an obstruction charge as a matter of law, and *CLR* cannot be extrapolated to hold that one who lies to an investigating officer must have knowledge that a crime is being committed in order for her speech to constitute obstruction.

1  For these reasons, and for the reasons discussed at oral argument and in the court's prior orders, the
2  Plaintiffs' Motion for Reconsideration [Dkt. #378] is DENIED.
3  IT IS SO ORDERED.

5  DATED this 19th day of March, 2007

  _____
  RONALD B. LEIGHTON
  UNITED STATES DISTRICT JUDGE

ORDER
Page - 3