HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF BREMERTON, MATTHEW THURING, JOHN VANSANTFORD, ROBERT FORBES, BREMERTON POLICE CHIEF, et al.,<br><br>Defendants. | Case No. C05-5320RBL<br><br>ORDER ON DISCOVERY FOLLOWING IN CAMERA REVIEW |

This matter is before the court on the Plaintiff's Motion for Discovery Re Unresolved Matters [Dkt. # 367]. .

Plaintiffs continue to assert that the Defendants have failed to produce discoverable information about the City's claim for indemnity from the County. They argue the Defendants have wrongly claimed that the information is privileged and/or work product, or that any otherwise applicable privilege has been waived or is overcome by the Plaintiff's alleged need[1] for the documents. On March 5, the Court ordered the Defendants to produce documents related to the City's claim for indemnity for in camera review. [Dkt. # 374] The court has completed that review.

---

[1] The work product immunity from discovery may be defeated if the party seeking information has a "substantial need" for the information and has no ability to obtain the information elsewhere. This exception does not apply to information and communications protected by the attorney client privilege.

ORDER
Page - 1

The defendants' primary opposition to the discovery of these documents relates to the timing of the request and the underlying motion to compel, and to the Plaintiffs' use of Public Records Act requests rather than through discovery methods of the Federal Rules of Civil Procedure. They do not discuss whether they have entered into a joint defense agreement (though it is apparent that they have), or the effect of such an agreement on the discoverability of the requested documents.

For their part, the Plaintiffs assert or concede that there is a joint defense agreement among the defendants, and conclude without any citation that "that agreement would not prevent discovery regarding disputes and claims between the two of them." [Dkt. #367 at p.4]. Defendants also argue that any applicable privilege has been waived because the defendants voluntarily "placed the documents at issue."

The court does not agree that the contents of the documents has been "voluntarily placed at issue" by the defendants(though the Plaintiffs have placed them at issue), or that the attorney client or work product privileges have otherwise been waived. Nor can the court conclude that the Plaintiffs have established a substantial need for the documents, simply by asserting that the documents may contradict the defendants' testimony in other forms; this is virtually always true of privileged documents.

However, it is also clear from a review of the documents produced by both defendants that not all of the withheld documents are in fact privileged. Documents reflecting the City's notice of claim, and the County's reservation of rights with respect to the defense, along with the subject legal services agreement and insurance policy are not privileged. The court therefore Orders the Defendants to Produce to the Plaintiffs Documents numbered [92-134; and 152-157 ] in the packet provided to the court. The remaining documents discuss the Plaintiffs' claims and the indemnity claim, and the defense of the same.

The joint defense privilege is an exception to the general rule that the attorney-client privilege is waived when privileged information is disclosed to a third party. *U.S. v. Agnello*, 135 F. Supp. 2d. 380, 382 (E.D.N.Y. 2001). This privilege is meant to recognize the advantage of, or even the necessity for, an exchange or pooling of information between attorneys representing parties sharing a common interest in litigation, actual or prospective. *Schacher v. American Academy of Ophthalmology, Inc.*, 106 F.R.D. 187, 192 (N.D. Ill. 1985). The remaining documents fall within this privilege and the court will not order their production.

The court has also reviewed the transcripts prepared by Mrs. Lassiter and produced some time ago for in camera review. The purpose of the review was to determine whether the various transcripts made by Mrs. Lassiter were work product and/or attorney client communications, and specifically whether they shed any light on what might have been said at the moment of the "gap" in the tape.

The transcripts provided [Nos. 1-14] are a work in progress, with each successive version going further into the tape, or adding content that was missed in a prior attempt. There are various notes and corrections on the documents, including thoughts, explanations, contemporaneous events, questions about wording, and the like. Much of this is clearly work product, and the "introduction" to one version [No. 2] appears to be an attorney client communication.

Based on the court's own review of the tape, the various versions are not all accurate, and not all are consistent. There is an attribution of "stop it" prior to "Ok have a seat. We're investigating a possible assault" to Officer Van Santford very early in transcript versions 6 through 14. This does not appear in the earlier versions. It does not appear in the transcript submitted by the defendants as Exhibit 4 to the Gipe Declaration [Dkt. 218], nor in the Washington State Patrol's version, attached to the Gavery Dec. [Dkt. #107]. From the various descriptions of the "gap" these words appear prior to the gap. It is also worth noting that each transcript attributes "hold it," a few lines later, to Mr. Lassiter.

Accordingly, the court hereby Orders the Plaintiffs to produce to the Defendants the page of the transcripts provided to the court which contains these passages. Any redactions for Attorney Client privilege shown on the copies provided to the court may remain. By the court's review, the pages to be produced in the form provided to the court are the third page of the first transcript; the second page of the second; and the first page of transcript Nos. 3-7; the second page of No. 8; the second page of No. 9; the first page of No. 10; the first page of No. 11; the second page of No. 12; the first page of no. 13; and the second page of No. 14.

IT IS SO ORDERED.

DATED this ___ day of March, 2007

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE