HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH CHARLES LASSITER and
ALPHA DORIS D. LASSITER,

Plaintiffs,

v.

CITY OF BREMERTON, MATTHEW
THURING, JOHN VANSANTFORD,
ROBERT FORBES, BREMERTON POLICE
CHIEF, et al.,

Defendants.

Case No. C05-5320RBL

ORDER DENYING PLAINTIFFS'
MOTION TO EXCLUDE EXPERT
WITNESS STEVE CAIN AND FOR
SANCTIONS

This matter is before the court on Plaintiffs' Motion to Exclude Defendants' expert witness, STEPHEN CAIN, and for sanctions. [Dkt. #383]

Plaintiffs repeat that their complaint that the tape was returned later than the 14 days ordered by the court, and that the tape was damaged, despite the court's order that defendants and their experts "keep it safe." They attack the way the tape was packaged and labeled for its return trip, without even suggesting that the tape was somehow lost or damaged on its journey. Plaintiffs argue that Mr. Cain's testimony should be excluded because he is bipolar, he has been discredited in at least one other case, and because he is generally unreliable and unqualified. They also claim, without demonstrating, that he has forced them to waste "non-refundable" airline tickets by changing the date of his deposition.

Plaintiffs ignore the "explanations" provided by the Defendants and their expert for the delay in

ORDER
Page - 1

returning the tape [*See* dkt Nos. 292; 293], and for the deposition's scheduling delays [See Dkt. Nos . 392; 393]. Plaintiffs ignore their own delay in providing the tape to Mr. Cain in the first place, and the self-evident fact that the conduct of their counsel in litigating this case has greatly and unnecessarily increased the time and cost of litigating for all parties.

And, despite the volume of their filings on this topic, neither the Plaintiffs nor their expert have explained how the tape was "damaged" or how the marking left by Mr. Cain even potentially impacts their case. They have not explained why the deposition has not yet occurred, or why they are prejudiced by any of the events they catalogue. Plaintiffs' remaining attacks on Mr. Cain's mental health and his integrity may be appropriate subject of cross-examination.

Plaintiffs' Motion to exclude Mr. Cain as an expert witness in this case is DENIED.

The parties will cooperate on the timing of Mr. Cain's deposition in Wisconsin. The costs will be borne by the parties consistent with the court's prior Orders. The prevailing party on any future Motion on this subject will be awarded its fees and costs in bringing or defending the Motion, as the case may be.

DATED this 18th day of April, 2007

/s/ Ronald B. Leighton
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER
Page - 2