HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH CHARLES LASSITER and ALPHA DORIS D. LASSITER,

Plaintiff,

v.

CITY OF BREMERTON, MATTHEW THURING, JOHN VANSANTFORD, RONALD FORBES, BREMERTON POLICE CHIEF, and Does 1-10

Defendants.

Case No. C05-5320RBL

ORDER.

THIS MATTER comes before the Court on Defendants' Motion for Costs [Dkt. #460] and for Attorney's Fees pursuant to 42 U.S.C. § 1988 [Dkt. #459]. The Court has considered the motions, affidavits in support, plaintiff's opposition thereto, and the entirety of the records and file herein. For the reasons stated, defendants' motions are **DENIED**.

In 2003 Mr. and Mrs. Lassiter filed a complaint against the City of Bremerton, Matthew Thuring, John Vansantford, Ronald Forbes, Bremerton Police Chief, and Does 1-10 alleging false arrest, false imprisonment, intentional infliction of emotional distress, violation of Civil Rights Act of 1964, 42 U.S.C. § 1983, physical injury and severe emotional distress. In September of 2008 an eight day trial took place, which concluded with a jury verdict in favor of defendants on all claims.

Defendants, City of Bremerton and officers Thuring and Vansantford, now seeks reasonable costs and attorney's fees under 42 U.S.C. § 1988.

The Statute provides:

> In any action or proceeding to enforce a provision of [42 U.S.C. §§ 1981-85...], the court, in its discretion, may allow the prevailing party, other then the United States, a reasonable attorney's fee as part of the costs[ ]...

Attorney's fees are available to a prevailing defendant under §1988 if this Court finds "that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Hughes v. Rowe*, 449 U.S. 5, 14 (1980); *quoting Christiansburg Garmet Co. v. EEOC*, 434 U.S. 412, 421 (1978)(Title VII case); *see also Patton v. County of Kings*, 857 F.2d 1379, 1381 (9th Cir. 1988). As a protection against plaintiff's being routinely assessed their opponents' fees, the Court ruled "[t]he plaintiff's action must be meritless in the sense that it is groundless or without foundation. The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees." *Hughes v. Rowe*, 449 U.S., at 15.  Fed. R. Civ. Pro 54(d)(1) provides: "costs other than attorney's fees shall be allowed as a matter of course to the prevailing party unless the court otherwise directs."  42 U.S.C § 1988 and Fed. R Civ P. 54(d)(1) by their express terms create a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs. *See National Info Servs., Inc. v. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir.1995).

The Court recognizes that its discretion is not unlimited.  However, after taking into account the limited financial means of the Lassiters,[1] the economic disparities between the Lassiters and the City of Bremerton[2] the substantial importance of the issue to the public, the chilling effect granting costs would have on future plaintiffs, and the fact that the case was not totally without merit, the Court has determined

///
///
///
///
///

---

[1] Mr. Lassiter is permanently disabled, and Mrs. Lassiter works at Wal-Mart.

[2] The City of Bremerton has an annual budget many times greater then the Lassiter's household income.

ORDER
Page - 2

that granting cost or fees would not be appropriate.  Therefore, Defendants' Motion for Costs [Dkt. #460] and  Defendants Motion for Fees [Dkt. #459]  are **DENIED.**

 IT IS SO ORDERED.

Dated this 30th day of October 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE